Opinion filed July 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00163-CR

                                                    __________

 

                             JACQUE
DANA JOHNSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 23561A

 



 

                                            M
E M O R A N D U M   O P I N I O N

Jacque
Dana Johnson appeals his conviction by a jury of the offense of possession,
with the intent to deliver, more than one gram but less than four grams of
cocaine.  After appellant entered a plea of true to an enhancement paragraph,
the trial court assessed his punishment at twelve years in the Texas Department
of Criminal Justice, Institutional Division.  He asserts in two issues that the
evidence is legally and factually insufficient to support his conviction.  We
affirm.

 

Johnson contends in Issue One that the evidence is legally
insufficient to support his conviction.  Johnson urges in Issue Two that the
evidence is factually insufficient to support his conviction.  The Texas Court
of Criminal Appeals has recently held in Brooks v. State, 323 S.W.3d 893
(Tex. Crim. App. 2010), that there is “no meaningful distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable
doubt”; and that “[a]ll other cases to the contrary, including Clewis,
are overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added). 
Accordingly, a challenge to the factual sufficiency of the evidence is no
longer viable.  We will review appellant’s sufficiency challenges under the
legal sufficiency standard set forth in Jackson v. Virginia.  Under this
standard, we must review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

Evidence
presented showed that on or about July 10, 2008, police officers for the City
of Abilene served a search warrant on an apartment.  When officers entered the
apartment, they found Johnson sitting on a couch next to Joe Spafford.  An officer
assisting with the search indicated that the attention of Johnson and Spafford
was drawn to drugs sitting on the coffee table in front of them.  He said that
drugs in a plastic baggie were no more than two feet away from Johnson. 
Johnson had a cellophane wrapper containing a drug in his pocket.  Lab results
showed that there were more than two grams of cocaine on the coffee table and
slightly less than one-half of a gram of cocaine in Johnson’s pocket.

            Johnson
testified, admitting that he was in the apartment for the purpose of selling
cocaine so that he could get his car back from where it had been taken after
being impounded.   He said that Spafford was allowing him to sell some of his
drugs because they grew up together.   Johnson insisted that he only had the
cocaine in his pocket to sell.  While acknowledging that he would not make
enough money from selling the cocaine in his pocket to get his car back, he
said that Spafford had pledged to give him enough money to make up the
difference.  We hold that this evidence is legally sufficient to support the
conviction.

Johnson’s
sole argument is that there was no evidence that he had an intent to sell
cocaine and absolutely no evidence that he was selling drugs.  He notes that
there was substantial evidence that Spafford was a drug dealer, noting that
Spafford was next to the drugs on the table, that $115 was found on Spafford’s
person, that 39 hydrocodone pills were in Spafford’s underwear, that Spafford
was the target of the investigation, and that Spafford threw four pieces of
crack onto the floor.  We reject this argument in view of Johnson’s own
testimony that he was at the apartment for the purpose of selling cocaine. 
Johnson makes no argument that the evidence is insufficient for failing to show
that he was in possession of cocaine in excess of one but less than four
grams.  We overrule Issue One and Issue Two.

The
judgment is affirmed.

 

 

                                                                                                JOHN
G. HILL

                                                                                                JUSTICE

 

July 21, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996). 





[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.